THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT
MERRIMACK COUNTY

I, Catherine Ruffle, Clerk of the Superior Court of the State of New Hampshire for the County of Merrimack, the same being a court of record having a seal, and having custody of the records of the said Superior Court, do hereby certify that the attached are true copies of Complaint, Summons on Complaint, Return of Service, Notice of removal. in the action 217-2020-cv-00329 Ginger Simonds  v.  Office of Public Guardian of said Superior Court.



In witness whereof I have hereunto set my hand and affixed the seal of said Superior Court at this  7th  day of  August   A.D. 2020

Clerk of Superior Court

STATE OF NEW HAMPSHIRE

MERRIMACK COUNTY                                               SUPERIOR COURT

217-2020-CV-00329

GINGER SIMONDS

v.

OFFICE OF PUBLIC GUARDIAN

**NOTICE OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant,
Office of Public Guardian, by its attorneys, Jackson Lewis P.C., has this day filed in the Clerk's
Office of the United States District Court for the District of New Hampshire, Concord, New
Hampshire, a Notice of Removal of this case, as shown by copy attached, and in accordance with
the above statute, the State Court proceedings should proceed no further herein, unless and until
the case is remanded.

Respectfully Submitted,

OFFICE OF PUBLIC GUARDIAN,
By its attorneys,
JACKSON LEWIS P.C.,

Date:   August 7, 2020                    By:     /s/ K. Joshua Scott
                                                   K. Joshua Scott, NH Bar #17479
                                                   100 International Drive, Suite 363
                                                   Portsmouth, NH 03801
                                                   603.559.2700
                                                   joshua.scott@jacksonlewis.com

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

<u>Certificate of Service</u>

     I hereby certify that copies of the foregoing were this day served via email on counsel for Plaintiff, Sean List, Esq. at slist@backusmeyer.com and via the state court's electronic filing system for Merrimack County Superior Court.


Date:   August 7, 2020          By:    /s/K. Joshua Scott
                                   K. Joshua Scott

**True Copy Attest**

Amy M. Feliciano, Clerk of Court

August 7, 2020

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

GINGER SIMONDS,

     Plaintiff

v.                                  Civil Case No. 1:20-CV-_____

OFFICE OF PUBLIC GUARDIAN,

     Defendant

## NOTICE OF REMOVAL
## AND DEMAND FOR JURY TRIAL

Please take notice that pursuant to 28 U.S.C. §§1441 and 1446, Defendant Office of Public Guardian, by its attorneys, Jackson Lewis, P.C., hereby removes this action from the Superior Court of the State of New Hampshire, Merrimack County, to the United States District Court for the District of New Hampshire.

In support of this notice of removal, defendant states as follows:

1.       By complaint filed on or about July 2, 2020, Plaintiff instituted a claim against Defendant in the Merrimack County Superior Court. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the summons and complaint are attached hereto as Exhibit 1, certified copies of which will be forwarded upon receipt of the state court record from the Merrimack County Superior Court.

2.       Pursuant to 28 U.S.C. § 1446(a), this notice of removal is timely filed within thirty (30) days of July 9, 2020, the date on which counsel for Defendant first received the complaint and summons.

3.       Defendant has not served any answer or responsive pleading to the complaint, nor made any appearance or argument before the state court.

True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

4.     This Court has original jurisdiction over this action by virtue of federal question jurisdiction pursuant to 28 U.S.C. §1331.  Specifically, Plaintiff is alleging violations of the Americans with Disabilities Act ("ADA"), as well as other claims pursuant to state law including retaliation and other statutory violations.

5.     Defendant submits this notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

6.     As this action could have been commenced in this Court, removal is proper. 28 U.S.C. §1441(a).  Furthermore, this Court may exercise supplemental jurisdiction over the Plaintiff's state law claims. See 28 U.S.C. §1367(a).

<div style="margin-left: 40%;">

Respectfully Submitted,

OFFICE OF PUBLIC GUARDIAN,
By its attorneys,
JACKSON LEWIS P.C.,

</div>

Date:   August 7, 2020          By:     /s/ K. Joshua Scott
                                        K. Joshua Scott, NH Bar #17479
                                        100 International Drive, Suite 363
                                        Portsmouth, NH 03801
                                        603.559.2700
                                        joshua.scott@jacksonlewis.com

<div style="text-align: center;">Certificate of Service</div>

I hereby certify that copies of the foregoing were this day served on counsel for Plaintiff, Sean List, via the Court's ECF system and electronic mail at slist@backusmeyer.com.

Date:   August 7, 2020          By:     /s/K. Joshua Scott
                                        K. Joshua Scott



True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Merrimack Superior Court
5 Court Street
Concord NH 03301

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name: **Ginger Simonds v Office of Public Guardian**
Case Number: **217-2020-CV-00329**

Date Complaint Filed: July 02, 2020
A Complaint has been filed against Office of Public Guardian in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| August 21, 2020 | Ginger Simonds shall have this Summons and the attached Complaint served upon Office of Public Guardian by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| September 11, 2020 | Ginger Simonds shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Office of Public Guardian must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Office of Public Guardian:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

Sean Robert List, ESQ

Office of Public Guardian
Human Rights, New
Hampshire Commission

Backus Meyer & Branch LLP 116 Lowell St PO Box 516 Manchester NH 03105-0516

2 Pillsbury Street Suite 400 Concord NH 03301
2 Industrial Park Drive Concord NH 03301

### BY ORDER OF THE COURT

July 07, 2020

(126987)

Catherine J. Ruffle
Clerk of Court

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

NHJB-2678-Se (07/01/2018)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Merrimack Superior Court
5 Court Street
Concord NH  03301

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## GINGER SIMONDS
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:    **Ginger Simonds v Office of Public Guardian**
Case Number:  **217-2020-CV-00329**

**Instructions for: Ginger Simonds**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **August 21, 2020**.

<u>Further action is required by you</u>
You must:
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

<u>Sheriff Departments in New Hampshire:</u>

Belknap County Sheriff's Department:
Carroll County Sheriff's Department:
Cheshire County Sheriff's Department:
Coos County Sheriff's Department:
Grafton County Sheriff's Department:

Hillsborough County Sheriff's Department:
Merrimack County Sheriff's Department:
Rockingham County Sheriff's Department:
Strafford County Sheriff's Department:
Sullivan County Sheriff's Department:

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **August 21, 2020**.

If the Sheriff is unable to complete service by **August 21, 2020** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by September 11, 2020.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

# Important Service Information for Sheriff

## <u>Do not file this with the court</u>
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
### PLEASE PRINT CLEARLY

Date: _____     Case #: _____

### <u>Who are you requesting to be served?</u>
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____     APT #: _____

_____

Home phone #: _____     Cell phone #: _____

Sex: ☐ Male   ☐ Female          Race: _____

Last 4 digits of SS#: xxx-xx- _____ _____ _____ _____      D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____     **True Copy Attest**

Vehicle description/license plate:                    _____

_____     Amy M. Feliciano, Clerk of Court
                                              August 7, 2020

### <u>Your Information:</u>
Name (please print): _____

Residential address:                    Mailing address:

_____     _____

_____     _____

Phone number to contact you during business hours:

_____     Alternate #: _____

                                   _____
                                   Signature

♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

## SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)

Fees Paid: $_____ Cash #: _____ Check#: _____
Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____
Sheriff File # _____ Authorization #: _____

NHJB-2678-Se (07/01/2018)

<u>Instructions for filing the Return of Service</u>:

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case". Enter 217-2020-CV-00329 and click Next.

2. When you find the case, click on the link follow the instructions on the screen. On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3. Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents. On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.

**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**

July 07, 2020
Date

Catherine J. Ruffle
Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

File Date: 7/2/2020 2:42
Merrimack Superior Co
E-Filed Docum

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

MERRIMACK, SS

DOCKET NO. 217-2020-CV-00329

GINGER SIMONDS
289 Vinton Street
Manchester, NH 03103

v.

OFFICE OF PUBLIC GUARDIAN
2 Pillsbury Street, Suite 400
Concord, NH 03301

**JURY TRIAL REQUESTED**

**COMPLAINT**

## I.    **NATURE OF THE ACTION**

1.    This action is brought by Ginger Simonds (the "Plaintiff") against the Office of Public Guardian ("OPG"), also referred to as the "Defendant," for wrongful termination, disability discrimination and retaliation in violation of the Americans with Disabilities Act (42 U.S. Code § 12112, et al.) and the New Hampshire Law Against Discrimination (NH RSA 354-A).

## II.    **JURISDICTION AND VENUE**

2.    This Court has jurisdiction over this matter pursuant to NH RSA 491:7.

3.    Venue is proper in Merrimack County because the Defendant maintains its principal office in Concord, NH.  Additionally, the Plaintiff was employed at the principal office location.

True Copy Attest

*[signature]*

Amy M. Feliciano, Clerk of Court
August 7, 2020

1

4.      The Plaintiff has exhausted her administrative remedy requirements with the New Hampshire Commission for Human Rights and U.S. Equal Employment Opportunity Commission.

### III.      PARTIES

5.      The Plaintiff is a New Hampshire resident with an address of 289 Vinton Street, Manchester, NH 03103.

6.      The Defendant, Office of Public Guardian, is a private, domestic non-profit organization with a principal office location of 2 Pillsbury Street, Suite 400, Concord, NH, 03301.

### IV.      FACTS

7.      Ginger Simonds began her employment with OPG on approximately September 22, 2014.  She held the position of Public Guardian and made an annual salary of approximately $52,000.00 per year with multiple job benefits including, but not limited to, health insurance, dental insurance, disability insurance and an on-call stipend.

8.      In March of 2019, the Plaintiff suffered from the sudden onset of severe pain in her back and left leg.  She also had a pins and needles feeling running down her leg into her foot. She was diagnosed with a recurrent lumbar herniation with radiculopathy. This condition substantially interfered with several major life functions of the Plaintiff including, but not limited to, bending, walking, lifting, sitting, twisting, sleeping and concentration.  It was therefore a qualifying disability pursuant to the Americans with Disabilities Act, Amendments Act of 2008 (the "ADA") and NH RSA 354-A.

9.      Beginning on approximately March 16, 2019, Ms. Simonds took a period of medical leave in order to treat her disability with necessary surgery and recover.

2



True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

10. The first twelve weeks of Ms. Simonds' leave was protected under the Family and Medical Leave Act (the "FMLA").

11. Throughout her period of leave, the Plaintiff provided multiple notes from her treating doctors to OPG. She also openly communicated with management regarding her status.

12. The Plaintiff underwent back surgery on or about April 11, 2019. Her back surgery was initially estimated to require a recovery period that would fall within the allotted twelve weeks of FMLA leave. Unfortunately, Ms. Simonds' recovery took longer than expected, in part because she was the victim of a sexual assault that left her with further injury. Ms. Simonds openly communicated her recovery status and the assault she suffered to the Defendant.

13. In a letter dated June 14, 2019, OPG informed the Plaintiff that her FMLA leave had expired on June 9, 2019, and stated she would need to apply for a "personal leave of absence" to avoid termination. The letter also requested several pieces of information related to the Plaintiff's disability and ability to perform her job.

14. After the Plaintiff provided the requested information, OPG agreed to extend her leave through July 22, 2019. As that day approached, the Plaintiff was in frequent contact with OPG Director of Finance, Andrea Sisson, who performed human resources functions for OPG. Ms. Simonds also provided further doctor's notes regarding her condition and progress.

15. In a letter dated July 19, 2019, Ms. Sisson communicated that Ms. Simonds was expected to return to work by July 26, 2019, and needed to provide a letter from her doctor stating that the medication Ms. Simonds was taking would not impair her judgment. Ms. Simonds provided the requested letter.

16. Ms. Simonds requested that OPG accommodate her disability and related surgical recovery by permitting her to work remotely rather than immediately returning to the office.



True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

3

OPG refused this request but did agree to allow Ms. Simonds to work a part-time schedule and gradually increase her hours to full-time as she recovered.

17.     In order to avoid paying Ms. Simonds her full salary for a part-time schedule, OPG changed Ms. Simonds' wage structure to hourly.

18.     Starting on or about July 29, 2019, the Plaintiff began working in the OPG office on a part-time schedule.

19.     Ms. Simonds' recovery was moving forward and her condition was improving. She felt great to be back at work and was looking forward to her gradual return to a full-time schedule.

20.     While Ms. Simonds was working her part-time schedule, management asked her on a near-daily basis when she would return to full-time duty. The Plaintiff intended to be back to full-time within a short period but could not answer this question with exact specificity. Ms. Simonds explained to OPG that she was improving and increasing her hours as she improved.

21.     Rather than allowing the Plaintiff the time to sufficiently recover from her disability symptoms and related surgery, OPG suddenly terminated Ms. Simonds' employment on or about August 13, 2019. The Plaintiff was devastated.

22.     At the time of Ms. Simonds' termination, OPG did not have a replacement lined up to fill Ms. Simonds' position. Additionally, OPG had experienced significant difficulty and delay when seeking employees for guardian positions in the past. Therefore, terminating Ms. Simonds' employment provided no relief from any alleged difficulty or claimed hardship created by Ms. Simonds' accommodated schedule.

23.     OPG advertised and sought applicants for the Plaintiff's employment position immediately after terminating her employment.

True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

24.     Upon information and belief, OPG did not obtain a full-time replacement for Ms. Simonds until October of 2019.

25.     Ms. Simonds could have returned to full-time work by the time the new, non-disabled employee began working for OPG.

26.     OPG has a six-month training period for new guardians.  Ms. Simonds' could have returned to her position without needing the training that the new employee required, thereby saving money and other resources expended by the Defendant in replacing the Plaintiff.

27.     Due to the disability discrimination and retaliation perpetrated against the Plaintiff by the Defendant, and the Defendant's wrongful termination of the Plaintiff's employment, the Plaintiff has suffered significant damages including, but not limited to, lost wages, lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is further entitled to attorney's fees, interest and costs. The Plaintiff is also entitled to enhanced compensatory damages under NH RSA 354-A based on the Defendant's willful or reckless disregard of the Plaintiff's rights and punitive damages for the Defendant's intentional, malicious or reckless indifference to the Plaintiff's right to be free from discrimination.

## COUNT I
### Disability Discrimination in Violation of the Americans with Disabilities Act,  42 U.S.C. 12112 et al. and NH RSA 354-A

28.     The Plaintiff repeats and realleges each allegation contained in the paragraphs above.

29.     The Defendant is, and was at all times relevant, a private employer employing more than fifteen employees. Therefore, the Defendant is a covered employer under the ADA and NH RSA 354-A.

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

5

30.     At all times relevant to this matter, the Plaintiff was disabled within the meaning of the ADA and NH RSA 354-A, as described in the facts section above.

31.     With the reasonable accommodation of permitting the Plaintiff a short period of medical leave followed by a gradual transition back to full-time hours, the Plaintiff could perform the essential functions of her job.   This is evidenced by the Plaintiff's effective performance of her job duties prior to suffering from disability symptoms requiring surgery and recovery time.

32.     Despite the Defendant agreeing to accommodate the Plaintiff with a gradual return to a full-time schedule, it terminated the Plaintiff a mere two weeks after the Plaintiff's return.

33.     The Defendant's motivation for the termination was the Plaintiff's disability and need for accommodations, as evidenced by the Defendant's constant inquiries as to when the Plaintiff would return to full-time hours.

34.     Had the Defendant simply allowed Ms. Simonds the time to recover and return to a full-time schedule, rather than terminating her after two weeks of incomplete accommodation, the Defendant could have avoided the delay and expense associated with hiring and training a non-disabled replacement for the Plaintiff.

35.     By failing to reasonably accommodate the Plaintiff's disability, failing to meaningfully engage in the interactive process, and terminating the Plaintiff due to her disability and need for an accommodation, the Defendant committed disability discrimination in violation of the both the ADA and NH RSA 354-A.

36.     As a direct and proximate result of the Defendant's disability discrimination, the Plaintiff has suffered and continues to suffer damages including, but not limited to, lost wages,

6



True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is further entitled to attorney's fees, interest and costs. The Plaintiff is also entitled to enhanced compensatory damages under NH RSA 354-A based on the Defendant's willful or reckless disregard of the Plaintiff's rights and punitive damages for the Defendant's intentional, malicious or reckless indifference to the Plaintiff's right to be free from discrimination.

## COUNT II
### Retaliation in Violation of the Americans with Disabilities Act,
### U.S.C. 12112 et al. and NH RSA 354-A

37.    The Plaintiff repeats and realleges each allegation contained in the paragraphs above.

38.    The Plaintiff engaged in conduct protected by both the ADA and NH RSA 354-A by requesting and utilizing a reasonable accommodation for her disability.

39.    Specifically, the Plaintiff sought the very reasonable accommodation of a short period of medical leave followed by a gradual transition back to full-time hours as she recovered from disability symptoms and a related surgery.

40.    The Defendant initially agreed to the Plaintiff's accommodation request and the Plaintiff was permitted to utilize a part-time schedule with gradually increasing hours for two weeks.

41.    Rather than allowing the Plaintiff to be fully accommodated and complete her recovery, the Defendant cut the accommodation short and fired the Plaintiff on or about August 13, 2019.

42.    By taking adverse employment action against the Plaintiff in response to the Plaintiff's request and utilization of a reasonable accommodation, the Defendant committed

7

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

unlawful retaliation in violation of NH RSA 354-A, including 354-A:7 and 354-A:19, as well as the ADA.

43.     As a direct and proximate result of the Defendant's unlawful retaliation, the Plaintiff has suffered and continues to suffer damages including, but not limited to, lost wages, lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is further entitled to attorney's fees, interest and costs.  The Plaintiff is also entitled to enhanced compensatory damages under NH RSA 354-A based on the Defendant's willful or reckless disregard of the Plaintiff's rights and punitive damages for the Defendant's intentional, malicious or reckless indifference to the Plaintiff's right to be free from retaliation.

### COUNT III
### Wrongful Termination

44.     The Plaintiff repeats and realleges each allegation contained in the paragraphs above.

45.     Public policy and both state and federal law supported the Plaintiff in requesting and utilizing a reasonable accommodation for her disability and related surgery.

46.     Public policy also supported the Plaintiff in utilizing a short extension to her medical leave due to post-surgical disability symptoms and the aggravation of said symptoms due to a sexual assault.

47.     In retaliation for the Plaintiff engaging in conduct supported by public policy, the Defendant terminated her employment.   Therefore, the Defendant is liable for wrongful termination.

48.     As a direct and proximate result of the Defendant's wrongful termination of the Plaintiff, the Plaintiff has suffered and continues to suffer damages including, but not limited to,

8

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

lost wages, lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is also entitled to enhanced compensatory damages based upon the Defendant's willful or reckless violation of New Hampshire law pertaining to wrongful termination.

**WHEREFORE,** the Plaintiff, Ginger Simonds, respectfully prays this Honorable Court:

A.      Schedule this matter for trial by jury;

B.      Find the Defendant liable for all counts alleged herein;

C.      Award the Plaintiff all damages to which she is entitled,

D.      Award the Plaintiff her reasonable attorney's fees, interest, and costs; and

E.      Grant such other and further relief as is just and equitable.

<div style="text-align:right">

Respectfully submitted,
Ginger Simonds,
By her attorneys,
*BACKUS, MEYER & BRANCH, LLP*

</div>

Date: July 2, 2020          By:     /s/ Sean R. List
                                    Sean R. List, NH Bar #266711
                                    116 Lowell Street
                                    Manchester, NH 03104
                                    (603) 668-7272
                                    slist@backusmeyer.com



True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

9

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

GINGER SIMONDS,

     Plaintiff

v.                                       Civil Case No. 1:20-CV-_____

OFFICE OF PUBLIC GUARDIAN,

     Defendant

## **NOTICE OF FILING OF NOTICE OF REMOVAL TO PLAINTIFF'S COUNSEL**

TO:   Sean List, Esq.
       Backus, Meyer & Branch LLP
       116 Lowell Street
       Manchester, NH 03104
       slist@backusmeyer.com

     PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant Office

of Public Guardian, by and through its attorneys, Jackson Lewis P.C., has this day filed in the

Clerk's Office of the United States District Court for the District of New Hampshire, Concord,

New Hampshire, a Notice of Removal of this case, as shown by copy attached, and in

accordance with the above statute, the State Court proceedings should proceed no further herein,

unless and until the case is remanded.

[signatures on following page]

True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

Respectfully Submitted,

OFFICE OF PUBLIC GUARDIAN,
By its attorneys,
JACKSON LEWIS P.C.,

Date: August 7, 2020      By:    /s/ K. Joshua Scott
K. Joshua Scott, NH Bar #17479
100 International Drive, Suite 363
Portsmouth, NH 03801
603.559.2700
joshua.scott@jacksonlewis.com

<u>Certificate of Service</u>

I hereby certify that copies of the foregoing were this day served via email on counsel for Plaintiff, Sean List, Esq. at slist@backusmeyer.com and via the Court's ECF system.

Date: August 7, 2020      By:    /s/K. Joshua Scott
K. Joshua Scott

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

2

STATE OF NEW HAMPSHIRE

MERRIMACK COUNTY                                       SUPERIOR COURT

218-2020-CV-00544

GINGER SIMONDS

v.

OFFICE OF PUBLIC GUARDIAN

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1441 and 1446, Defendant,
Office of Public Guardian, by its attorneys, Jackson Lewis P.C., has this day filed in the Clerk's
Office of the United States District Court for the District of New Hampshire, Concord, New
Hampshire, a Notice of Removal of this case, as shown by copy attached, and in accordance with
the above statute, the State Court proceedings should proceed no further herein, unless and until
the case is remanded.

Respectfully Submitted,

OFFICE OF PUBLIC GUARDIAN,
By its attorneys,
JACKSON LEWIS P.C.,

Date:   August 7, 2020          By:   /s/ K. Joshua Scott
                                      K. Joshua Scott, NH Bar #17479
                                      100 International Drive, Suite 363
                                      Portsmouth, NH 03801
                                      603.559.2700
                                      joshua.scott@jacksonlewis.com



**True Copy Attest**

Amy M. Feliciano, Clerk of Court
August 7, 2020

Certificate of Service

I hereby certify that copies of the foregoing were this day served via email on counsel for Plaintiff, Sean List, Esq. at slist@backusmeyer.com and via the state court's electronic filing system for Merrimack County Superior Court.


Date:   August 7, 2020                    By:    /s/K. Joshua Scott
                                                 K. Joshua Scott



True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

2

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GINGER SIMONDS | OFFICE OF PUBLIC GUARDIAN |

True Copy Attest

*[seal: Superior Court New Hampshire]*

Amy M. Feliciano, Clerk of Court
August 7, 2020

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sean List, Esq., Backus, Meyer & Branch, LLP
116 Lowell Street, Manchester, NH 03104; 603.668.7272

Attorneys *(If Known)*
K. Joshua Scott, Esq., Jackson Lewis, P.C.; 100 International Drive,
Suite 363, Portsmouth, NH 03801; 603.559.2711

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | (15 USC 1681 or 1692) |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 485 Telephone Consumer |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Protection Act |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 850 Securities/Commodities/ |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | Exchange |
| | Medical Malpractice | | Leave Act | | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 895 Freedom of Information |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure |
| ❏ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | Agency Decision |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | ❏ 950 Constitutionality of |
| | Other | ❏ 550 Civil Rights | Actions | | State Statutes |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation - Transfer
- ❏ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1200 et seq.
Brief description of cause:
disability discrimination in violation of the ADA, retaliation and wrongful termination

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/07/2020 | /s/K. Joshua Scott |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

MERRIMACK, SS                                           DOCKET NO. 217-2020-CV-00329
                                                                  _____

GINGER SIMONDS
289 Vinton Street
Manchester, NH 03103

v.

OFFICE OF PUBLIC GUARDIAN
2 Pillsbury Street, Suite 400
Concord, NH 03301

**JURY TRIAL REQUESTED**

**COMPLAINT**

## I.  NATURE OF THE ACTION

1.      This action is brought by Ginger Simonds (the "Plaintiff") against the Office of

Public Guardian ("OPG"), also referred to as the "Defendant," for wrongful termination,

disability discrimination and retaliation in violation of the Americans with Disabilities Act (42

U.S. Code § 12112, et al.) and the New Hampshire Law Against Discrimination (NH RSA 354-

A).

## II.  JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to NH RSA 491:7.

3.      Venue is proper in Merrimack County because the Defendant maintains its

principal office in Concord, NH.  Additionally, the Plaintiff was employed at the principal office

location.

True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

1

4.      The Plaintiff has exhausted her administrative remedy requirements with the New Hampshire Commission for Human Rights and U.S. Equal Employment Opportunity Commission.

### III.      PARTIES

5.      The Plaintiff is a New Hampshire resident with an address of 289 Vinton Street, Manchester, NH 03103.

6.      The Defendant, Office of Public Guardian, is a private, domestic non-profit organization with a principal office location of 2 Pillsbury Street, Suite 400, Concord, NH, 03301.

### IV.      FACTS

7.      Ginger Simonds began her employment with OPG on approximately September 22, 2014.  She held the position of Public Guardian and made an annual salary of approximately $52,000.00 per year with multiple job benefits including, but not limited to, health insurance, dental insurance, disability insurance and an on-call stipend.

8.      In March of 2019, the Plaintiff suffered from the sudden onset of severe pain in her back and left leg.  She also had a pins and needles feeling running down her leg into her foot. She was diagnosed with a recurrent lumbar herniation with radiculopathy. This condition substantially interfered with several major life functions of the Plaintiff including, but not limited to, bending, walking, lifting, sitting, twisting, sleeping and concentration.  It was therefore a qualifying disability pursuant to the Americans with Disabilities Act, Amendments Act of 2008 (the "ADA") and NH RSA 354-A.

9.      Beginning on approximately March 16, 2019, Ms. Simonds took a period of medical leave in order to treat her disability with necessary surgery and recover.

2



True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

10.     The first twelve weeks of Ms. Simonds' leave was protected under the Family and Medical Leave Act (the "FMLA").

11.     Throughout her period of leave, the Plaintiff provided multiple notes from her treating doctors to OPG. She also openly communicated with management regarding her status.

12.     The Plaintiff underwent back surgery on or about April 11, 2019.  Her back surgery was initially estimated to require a recovery period that would fall within the allotted twelve weeks of FMLA leave. Unfortunately, Ms. Simonds' recovery took longer than expected, in part because she was the victim of a sexual assault that left her with further injury. Ms. Simonds openly communicated her recovery status and the assault she suffered to the Defendant.

13.     In a letter dated June 14, 2019, OPG informed the Plaintiff that her FMLA leave had expired on June 9, 2019, and stated she would need to apply for a "personal leave of absence" to avoid termination.  The letter also requested several pieces of information related to the Plaintiff's disability and ability to perform her job.

14.     After the Plaintiff provided the requested information, OPG agreed to extend her leave through July 22, 2019.  As that day approached, the Plaintiff was in frequent contact with OPG Director of Finance, Andrea Sisson, who performed human resources functions for OPG. Ms. Simonds also provided further doctor's notes regarding her condition and progress.

15.      In a letter dated July 19, 2019, Ms. Sisson communicated that Ms. Simonds was expected to return to work by July 26, 2019, and needed to provide a letter from her doctor stating that the medication Ms. Simonds was taking would not impair her judgment.  Ms. Simonds provided the requested letter.

16.     Ms. Simonds requested that OPG accommodate her disability and related surgical recovery by permitting her to work remotely rather than immediately returning to the office.

3



True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

OPG refused this request but did agree to allow Ms. Simonds to work a part-time schedule and gradually increase her hours to full-time as she recovered.

17.     In order to avoid paying Ms. Simonds her full salary for a part-time schedule, OPG changed Ms. Simonds' wage structure to hourly.

18.     Starting on or about July 29, 2019, the Plaintiff began working in the OPG office on a part-time schedule.

19.     Ms. Simonds' recovery was moving forward and her condition was improving. She felt great to be back at work and was looking forward to her gradual return to a full-time schedule.

20.     While Ms. Simonds was working her part-time schedule, management asked her on a near-daily basis when she would return to full-time duty. The Plaintiff intended to be back to full-time within a short period but could not answer this question with exact specificity.  Ms. Simonds explained to OPG that she was improving and increasing her hours as she improved.

21.     Rather than allowing the Plaintiff the time to sufficiently recover from her disability symptoms and related surgery, OPG suddenly terminated Ms. Simonds' employment on or about August 13, 2019. The Plaintiff was devastated.

22.     At the time of Ms. Simonds' termination, OPG did not have a replacement lined up to fill Ms. Simonds' position.  Additionally, OPG had experienced significant difficulty and delay when seeking employees for guardian positions in the past. Therefore, terminating Ms. Simonds' employment provided no relief from any alleged difficulty or claimed hardship created by Ms. Simonds' accommodated schedule.

23.     OPG advertised and sought applicants for the Plaintiff's employment position immediately after terminating her employment.

4

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

24.     Upon information and belief, OPG did not obtain a full-time replacement for Ms. Simonds until October of 2019.

25.      Ms. Simonds could have returned to full-time work by the time the new, non-disabled employee began working for OPG.

26.     OPG has a six-month training period for new guardians.  Ms. Simonds' could have returned to her position without needing the training that the new employee required, thereby saving money and other resources expended by the Defendant in replacing the Plaintiff.

27.     Due to the disability discrimination and retaliation perpetrated against the Plaintiff by the Defendant, and the Defendant's wrongful termination of the Plaintiff's employment, the Plaintiff has suffered significant damages including, but not limited to, lost wages, lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is further entitled to attorney's fees, interest and costs. The Plaintiff is also entitled to enhanced compensatory damages under NH RSA 354-A based on the Defendant's willful or reckless disregard of the Plaintiff's rights and punitive damages for the Defendant's intentional, malicious or reckless indifference to the Plaintiff's right to be free from discrimination.

## COUNT I
### Disability Discrimination in Violation of the Americans with Disabilities Act,  42 U.S.C. 12112 et al. and NH RSA 354-A

28.     The Plaintiff repeats and realleges each allegation contained in the paragraphs above.

29.     The Defendant is, and was at all times relevant, a private employer employing more than fifteen employees. Therefore, the Defendant is a covered employer under the ADA and NH RSA 354-A.

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

5

30.     At all times relevant to this matter, the Plaintiff was disabled within the meaning of the ADA and NH RSA 354-A, as described in the facts section above.

31.     With the reasonable accommodation of permitting the Plaintiff a short period of medical leave followed by a gradual transition back to full-time hours, the Plaintiff could perform the essential functions of her job.   This is evidenced by the Plaintiff's effective performance of her job duties prior to suffering from disability symptoms requiring surgery and recovery time.

32.     Despite the Defendant agreeing to accommodate the Plaintiff with a gradual return to a full-time schedule, it terminated the Plaintiff a mere two weeks after the Plaintiff's return.

33.     The Defendant's motivation for the termination was the Plaintiff's disability and need for accommodations, as evidenced by the Defendant's constant inquiries as to when the Plaintiff would return to full-time hours.

34.     Had the Defendant simply allowed Ms. Simonds the time to recover and return to a full-time schedule, rather than terminating her after two weeks of incomplete accommodation, the Defendant could have avoided the delay and expense associated with hiring and training a non-disabled replacement for the Plaintiff.

35.     By failing to reasonably accommodate the Plaintiff's disability, failing to meaningfully engage in the interactive process, and terminating the Plaintiff due to her disability and need for an accommodation, the Defendant committed disability discrimination in violation of the both the ADA and NH RSA 354-A.

36.     As a direct and proximate result of the Defendant's disability discrimination, the Plaintiff has suffered and continues to suffer damages including, but not limited to, lost wages,



True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is further entitled to attorney's fees, interest and costs.  The Plaintiff is also entitled to enhanced compensatory damages under NH RSA 354-A based on the Defendant's willful or reckless disregard of the Plaintiff's rights and punitive damages for the Defendant's intentional, malicious or reckless indifference to the Plaintiff's right to be free from discrimination.

**COUNT II**
**Retaliation in Violation of the Americans with Disabilities Act,**
**U.S.C. 12112 et al. and NH RSA 354-A**

37.     The Plaintiff repeats and realleges each allegation contained in the paragraphs above.

38.     The Plaintiff engaged in conduct protected by both the ADA and NH RSA 354-A by requesting and utilizing a reasonable accommodation for her disability.

39.     Specifically, the Plaintiff sought the very reasonable accommodation of a short period of medical leave followed by a gradual transition back to full-time hours as she recovered from disability symptoms and a related surgery.

40.     The Defendant initially agreed to the Plaintiff's accommodation request and the Plaintiff was permitted to utilize a part-time schedule with gradually increasing hours for two weeks.

41.     Rather than allowing the Plaintiff to be fully accommodated and complete her recovery, the Defendant cut the accommodation short and fired the Plaintiff on or about August 13, 2019.

42.     By taking adverse employment action against the Plaintiff in response to the Plaintiff's request and utilization of a reasonable accommodation, the Defendant committed

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

unlawful retaliation in violation of NH RSA 354-A, including 354-A:7 and 354-A:19, as well as the ADA.

43.     As a direct and proximate result of the Defendant's unlawful retaliation, the Plaintiff has suffered and continues to suffer damages including, but not limited to, lost wages, lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is further entitled to attorney's fees, interest and costs.  The Plaintiff is also entitled to enhanced compensatory damages under NH RSA 354-A based on the Defendant's willful or reckless disregard of the Plaintiff's rights and punitive damages for the Defendant's intentional, malicious or reckless indifference to the Plaintiff's right to be free from retaliation.

## COUNT III
### Wrongful Termination

44.     The Plaintiff repeats and realleges each allegation contained in the paragraphs above.

45.     Public policy and both state and federal law supported the Plaintiff in requesting and utilizing a reasonable accommodation for her disability and related surgery.

46.     Public policy also supported the Plaintiff in utilizing a short extension to her medical leave due to post-surgical disability symptoms and the aggravation of said symptoms due to a sexual assault.

47.     In retaliation for the Plaintiff engaging in conduct supported by public policy, the Defendant terminated her employment.    Therefore, the Defendant is liable for wrongful termination.

48.     As a direct and proximate result of the Defendant's wrongful termination of the Plaintiff, the Plaintiff has suffered and continues to suffer damages including, but not limited to,



True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

lost wages, lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is also entitled to enhanced compensatory damages based upon the Defendant's willful or reckless violation of New Hampshire law pertaining to wrongful termination.

  **WHEREFORE,** the Plaintiff, Ginger Simonds, respectfully prays this Honorable Court:

A.  Schedule this matter for trial by jury;

B.  Find the Defendant liable for all counts alleged herein;

C.  Award the Plaintiff all damages to which she is entitled,

D.  Award the Plaintiff her reasonable attorney's fees, interest, and costs; and

E.  Grant such other and further relief as is just and equitable.

    Respectfully submitted,
    Ginger Simonds,
    By her attorneys,
    *BACKUS, MEYER & BRANCH, LLP*

Date: July 2, 2020   By:  _/s/ Sean R. List _____
        Sean R. List, NH Bar #266711
        116 Lowell Street
        Manchester, NH 03104
        (603) 668-7272
        slist@backusmeyer.com

True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Merrimack Superior Court
5 Court Street
Concord NH  03301

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:     **Ginger Simonds v Office of Public Guardian**
Case Number:   **217-2020-CV-00329**

Date Complaint Filed: July 02, 2020
A Complaint has been filed against Office of Public Guardian in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| August 21, 2020 | Ginger Simonds shall have this Summons and the attached Complaint served upon Office of Public Guardian by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| September 11, 2020 | Ginger Simonds shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Office of Public Guardian must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Office of Public Guardian:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

Sean Robert List, ESQ

Office of Public Guardian
Human Rights, New
Hampshire Commission

Backus Meyer & Branch LLP 116 Lowell St PO Box 516 Manchester NH  03105-0516
2 Pillsbury Street Suite 400 Concord NH  03301
2 Industrial Park Drive Concord NH  03301

BY ORDER OF THE COURT

July 07, 2020

(126987)

Catherine J. Ruffle
Clerk of Court

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

Merrimack Superior Court

NHJB-2678-Se (07/01/2018)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Merrimack Superior Court
5 Court Street
Concord NH  03301

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## GINGER SIMONDS
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:    **Ginger Simonds v Office of Public Guardian**
Case Number:  **217-2020-CV-00329**

**Instructions for:** Ginger Simonds

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **August 21, 2020**.

**Further action is required by you**

You must:

- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
    - **One Summons**
    - **Once Notice for Defendant**
    - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

True Copy Attest

*[signature]*

Amy M. Feliciano, Clerk of Court
August 7, 2020

**Sheriff Departments in New Hampshire:**

Belknap County Sheriff's Department:

Carroll County Sheriff's Department:

Cheshire County Sheriff's Department:

Coos County Sheriff's Department:

Grafton County Sheriff's Department:

Hillsborough County Sheriff's Department:

Merrimack County Sheriff's Department:

Rockingham County Sheriff's Department:

Strafford County Sheriff's Department:

Sullivan County Sheriff's Department:

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **August 21, 2020**.

If the Sheriff is unable to complete service by **August 21, 2020** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by September 11, 2020.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

# Important Service Information for Sheriff

## Do not file this with the court
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
### PLEASE PRINT CLEARLY

Date: _____     Case #: _____

## Who are you requesting to be served?
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____     APT #: _____

_____

Home phone #: _____     Cell phone #: _____

Sex: ☐ Male   ☐ Female     Race: _____

Last 4 digits of SS#: xxx-xx- _____ _____ _____ _____     D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

True Copy Attest

*Amy Feliciano*

Amy M. Feliciano, Clerk of Court
August 7, 2020

## Your Information:
Name (please print): _____

Residential address:          Mailing address:

_____     _____

_____     _____

Phone number to contact you during business hours:

_____     Alternate #: _____

_____
Signature

♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

## SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)

Fees Paid: $_____ Cash #: _____ Check#: _____

Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____

Sheriff File # _____ Authorization #: _____

<u>Instructions for filing the Return of Service</u>:

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case". Enter 217-2020-CV-00329 and click Next.

2. When you find the case, click on the link follow the instructions on the screen. On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3. Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents. On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.

**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**

July 07, 2020 _____          Catherine J. Ruffle _____
Date                                          Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.



True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Merrimack Superior Court
5 Court Street
Concord NH  03301

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:       **Ginger Simonds v Office of Public Guardian**
Case Number:     **217-2020-CV-00329**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Merrimack Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1.  Complete the registration/log in process.  Click Register and follow the prompts.

2.  After you register, click Start Now.  Select **Merrimack Superior Court** as the location.

3.  Select "I am filing into an existing case".  Enter **217-2020-CV-00329** and click Next.

4.  When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5.  Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

*STATE OF NEW HAMPSHIRE*

MERRIMACK COUNTY                                        SUPERIOR COURT

GINGER SIMONDS
289 Vinton Street
Manchester, NH 03103

v,

OFFICE OF PUBLIC GUARDIAN
2 Pillsbury Street, Suite 400
Concord, NH   03301

**ACCEPTANCE OF SERVICE**

I, K. Joshua Scott, Esquire, hereby accept service of the complaint and summons on behalf of my

client, OFFICE OF PUBLIC GUARDIAN, and waive any and all requirements for service of process.


Dated: 7/14/2020                                      /s/ K. Joshua Scott
                                                     K. Joshua Scott, NH Bar #17479
                                                     100 International Drive, Suite 363
                                                     Portsmouth, NH 03801
                                                     603.559.2711
                                                     joshua.scott@jacksonlewis.com


                                                     Respectfully submitted,

                                                     Ginger Simonds,
                                                     By her attorneys
                                                     BACKUS, MEYER, and BRANCH, LLP


Dated:   7/14/2020                          By:  /s/ Sean R. List
                                                     Sean R. List, NH Bar # 266711
                                                     116 Lowell Street, P.O. Box 516
                                                     Manchester, NH 03105-0516
                                                     603-668-7272
                                                     jmeyer@backusmeyer.com

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Merrimack Superior Court
5 Court Street
Concord NH 03301

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:   **Ginger Simonds v Office of Public Guardian**
Case Number:   **217-2020-CV-00329**

Date Complaint Filed: July 02, 2020

A Complaint has been filed against Office of Public Guardian in this Court. A copy of the Complaint is attached.

## The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| August 21, 2020 | Ginger Simonds shall have this Summons and the attached Complaint served upon Office of Public Guardian by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| September 11, 2020 | Ginger Simonds shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Office of Public Guardian must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Office of Public Guardian:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

Sean Robert List, ESQ

Backus Meyer & Branch LLP 116 Lowell St PO Box 516 Manchester NH 03105-0516

Office of Public Guardian
Human Rights, New Hampshire Commission

2 Pillsbury Street Suite 400 Concord NH 03301
2 Industrial Park Drive Concord NH 03301

BY ORDER OF THE COURT

July 07, 2020

(126987)

Catherine J. Ruffle
Clerk of Court



True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

This is a Service Document For Case: 217-2020-CV-00329
Merrimack Superior Court

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

MERRIMACK, SS                                        DOCKET NO. 217-2020-CV-00329

GINGER SIMONDS
289 Vinton Street
Manchester, NH 03103

v.

OFFICE OF PUBLIC GUARDIAN
2 Pillsbury Street, Suite 400
Concord, NH 03301

**JURY TRIAL REQUESTED**

**COMPLAINT**

## I.      NATURE OF THE ACTION

1.      This action is brought by Ginger Simonds (the "Plaintiff") against the Office of

Public Guardian ("OPG"), also referred to as the "Defendant," for wrongful termination,

disability discrimination and retaliation in violation of the Americans with Disabilities Act (42

U.S. Code § 12112, et al.) and the New Hampshire Law Against Discrimination (NH RSA 354-

A).

## II.     JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to NH RSA 491:7.

3.      Venue is proper in Merrimack County because the Defendant maintains its

principal office in Concord, NH.  Additionally, the Plaintiff was employed at the principal office

location.

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

1

4.      The Plaintiff has exhausted her administrative remedy requirements with the New Hampshire Commission for Human Rights and U.S. Equal Employment Opportunity Commission.

### III.    PARTIES

5.      The Plaintiff is a New Hampshire resident with an address of 289 Vinton Street, Manchester, NH 03103.

6.      The Defendant, Office of Public Guardian, is a private, domestic non-profit organization with a principal office location of 2 Pillsbury Street, Suite 400, Concord, NH, 03301.

### IV.    FACTS

7.      Ginger Simonds began her employment with OPG on approximately September 22, 2014. She held the position of Public Guardian and made an annual salary of approximately $52,000.00 per year with multiple job benefits including, but not limited to, health insurance, dental insurance, disability insurance and an on-call stipend.

8.      In March of 2019, the Plaintiff suffered from the sudden onset of severe pain in her back and left leg. She also had a pins and needles feeling running down her leg into her foot. She was diagnosed with a recurrent lumbar herniation with radiculopathy. This condition substantially interfered with several major life functions of the Plaintiff including, but not limited to, bending, walking, lifting, sitting, twisting, sleeping and concentration.  It was therefore a qualifying disability pursuant to the Americans with Disabilities Act, Amendments Act of 2008 (the "ADA") and NH RSA 354-A.

9.      Beginning on approximately March 16, 2019, Ms. Simonds took a period of medical leave in order to treat her disability with necessary surgery and recover.

True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

2

10.     The first twelve weeks of Ms. Simonds' leave was protected under the Family and Medical Leave Act (the "FMLA").

11.     Throughout her period of leave, the Plaintiff provided multiple notes from her treating doctors to OPG. She also openly communicated with management regarding her status.

12.     The Plaintiff underwent back surgery on or about April 11, 2019.  Her back surgery was initially estimated to require a recovery period that would fall within the allotted twelve weeks of FMLA leave. Unfortunately, Ms. Simonds' recovery took longer than expected, in part because she was the victim of a sexual assault that left her with further injury. Ms. Simonds openly communicated her recovery status and the assault she suffered to the Defendant.

13.     In a letter dated June 14, 2019, OPG informed the Plaintiff that her FMLA leave had expired on June 9, 2019, and stated she would need to apply for a "personal leave of absence" to avoid termination.  The letter also requested several pieces of information related to the Plaintiff's disability and ability to perform her job.

14.     After the Plaintiff provided the requested information, OPG agreed to extend her leave through July 22, 2019.  As that day approached, the Plaintiff was in frequent contact with OPG Director of Finance, Andrea Sisson, who performed human resources functions for OPG. Ms. Simonds also provided further doctor's notes regarding her condition and progress.

15.     In a letter dated July 19, 2019, Ms. Sisson communicated that Ms. Simonds was expected to return to work by July 26, 2019, and needed to provide a letter from her doctor stating that the medication Ms. Simonds was taking would not impair her judgment.  Ms. Simonds provided the requested letter.

16.     Ms. Simonds requested that OPG accommodate her disability and related surgical recovery by permitting her to work remotely rather than immediately returning to the office.



True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

3

OPG refused this request but did agree to allow Ms. Simonds to work a part-time schedule and gradually increase her hours to full-time as she recovered.

17.     In order to avoid paying Ms. Simonds her full salary for a part-time schedule, OPG changed Ms. Simonds' wage structure to hourly.

18.     Starting on or about July 29, 2019, the Plaintiff began working in the OPG office on a part-time schedule.

19.     Ms. Simonds' recovery was moving forward and her condition was improving. She felt great to be back at work and was looking forward to her gradual return to a full-time schedule.

20.     While Ms. Simonds was working her part-time schedule, management asked her on a near-daily basis when she would return to full-time duty. The Plaintiff intended to be back to full-time within a short period but could not answer this question with exact specificity.  Ms. Simonds explained to OPG that she was improving and increasing her hours as she improved.

21.     Rather than allowing the Plaintiff the time to sufficiently recover from her disability symptoms and related surgery, OPG suddenly terminated Ms. Simonds' employment on or about August 13, 2019. The Plaintiff was devastated.

22.     At the time of Ms. Simonds' termination, OPG did not have a replacement lined up to fill Ms. Simonds' position.  Additionally, OPG had experienced significant difficulty and delay when seeking employees for guardian positions in the past. Therefore, terminating Ms. Simonds' employment provided no relief from any alleged difficulty or claimed hardship created by Ms. Simonds' accommodated schedule.

23.     OPG advertised and sought applicants for the Plaintiff's employment position immediately after terminating her employment.

True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

4

24.    Upon information and belief, OPG did not obtain a full-time replacement for Ms. Simonds until October of 2019.

25.    Ms. Simonds could have returned to full-time work by the time the new, non-disabled employee began working for OPG.

26.    OPG has a six-month training period for new guardians.  Ms. Simonds' could have returned to her position without needing the training that the new employee required, thereby saving money and other resources expended by the Defendant in replacing the Plaintiff.

27.    Due to the disability discrimination and retaliation perpetrated against the Plaintiff by the Defendant, and the Defendant's wrongful termination of the Plaintiff's employment, the Plaintiff has suffered significant damages including, but not limited to, lost wages, lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is further entitled to attorney's fees, interest and costs. The Plaintiff is also entitled to enhanced compensatory damages under NH RSA 354-A based on the Defendant's willful or reckless disregard of the Plaintiff's rights and punitive damages for the Defendant's intentional, malicious or reckless indifference to the Plaintiff's right to be free from discrimination.

## COUNT I
## Disability Discrimination in Violation of the Americans with Disabilities Act,  42 U.S.C. 12112 et al. and NH RSA 354-A

28.    The Plaintiff repeats and realleges each allegation contained in the paragraphs above.

29.    The Defendant is, and was at all times relevant, a private employer employing more than fifteen employees. Therefore, the Defendant is a covered employer under the ADA and NH RSA 354-A.

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

5

30.     At all times relevant to this matter, the Plaintiff was disabled within the meaning of the ADA and NH RSA 354-A, as described in the facts section above.

31.     With the reasonable accommodation of permitting the Plaintiff a short period of medical leave followed by a gradual transition back to full-time hours, the Plaintiff could perform the essential functions of her job.  This is evidenced by the Plaintiff's effective performance of her job duties prior to suffering from disability symptoms requiring surgery and recovery time.

32.     Despite the Defendant agreeing to accommodate the Plaintiff with a gradual return to a full-time schedule, it terminated the Plaintiff a mere two weeks after the Plaintiff's return.

33.     The Defendant's motivation for the termination was the Plaintiff's disability and need for accommodations, as evidenced by the Defendant's constant inquiries as to when the Plaintiff would return to full-time hours.

34.     Had the Defendant simply allowed Ms. Simonds the time to recover and return to a full-time schedule, rather than terminating her after two weeks of incomplete accommodation, the Defendant could have avoided the delay and expense associated with hiring and training a non-disabled replacement for the Plaintiff.

35.     By failing to reasonably accommodate the Plaintiff's disability, failing to meaningfully engage in the interactive process, and terminating the Plaintiff due to her disability and need for an accommodation, the Defendant committed disability discrimination in violation of the both the ADA and NH RSA 354-A.

36.     As a direct and proximate result of the Defendant's disability discrimination, the Plaintiff has suffered and continues to suffer damages including, but not limited to, lost wages,

6



True Copy Attest

Amy M. Feliciano, Clerk of Court

August 7, 2020

lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is further entitled to attorney's fees, interest and costs. The Plaintiff is also entitled to enhanced compensatory damages under NH RSA 354-A based on the Defendant's willful or reckless disregard of the Plaintiff's rights and punitive damages for the Defendant's intentional, malicious or reckless indifference to the Plaintiff's right to be free from discrimination.

<div align="center">

**COUNT II**
**Retaliation in Violation of the Americans with Disabilities Act,**
**U.S.C. 12112 et al. and NH RSA 354-A**

</div>

37.    The Plaintiff repeats and realleges each allegation contained in the paragraphs above.

38.    The Plaintiff engaged in conduct protected by both the ADA and NH RSA 354-A by requesting and utilizing a reasonable accommodation for her disability.

39.    Specifically, the Plaintiff sought the very reasonable accommodation of a short period of medical leave followed by a gradual transition back to full-time hours as she recovered from disability symptoms and a related surgery.

40.    The Defendant initially agreed to the Plaintiff's accommodation request and the Plaintiff was permitted to utilize a part-time schedule with gradually increasing hours for two weeks.

41.    Rather than allowing the Plaintiff to be fully accommodated and complete her recovery, the Defendant cut the accommodation short and fired the Plaintiff on or about August 13, 2019.

42.    By taking adverse employment action against the Plaintiff in response to the Plaintiff's request and utilization of a reasonable accommodation, the Defendant committed

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

unlawful retaliation in violation of NH RSA 354-A, including 354-A:7 and 354-A:19, as well as the ADA.

43.     As a direct and proximate result of the Defendant's unlawful retaliation, the Plaintiff has suffered and continues to suffer damages including, but not limited to, lost wages, lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is further entitled to attorney's fees, interest and costs.  The Plaintiff is also entitled to enhanced compensatory damages under NH RSA 354-A based on the Defendant's willful or reckless disregard of the Plaintiff's rights and punitive damages for the Defendant's intentional, malicious or reckless indifference to the Plaintiff's right to be free from retaliation.

## COUNT III
## Wrongful Termination

44.     The Plaintiff repeats and realleges each allegation contained in the paragraphs above.

45.     Public policy and both state and federal law supported the Plaintiff in requesting and utilizing a reasonable accommodation for her disability and related surgery.

46.     Public policy also supported the Plaintiff in utilizing a short extension to her medical leave due to post-surgical disability symptoms and the aggravation of said symptoms due to a sexual assault.

47.     In retaliation for the Plaintiff engaging in conduct supported by public policy, the Defendant terminated her employment.   Therefore, the Defendant is liable for wrongful termination.

48.     As a direct and proximate result of the Defendant's wrongful termination of the Plaintiff, the Plaintiff has suffered and continues to suffer damages including, but not limited to,

True Copy Attest

Amy M. Feliciano, Clerk of Court
August 7, 2020

lost wages, lost benefits, emotional distress, reputational harm, humiliation, inconvenience, loss of life enjoyment and lost earning capacity. The Plaintiff is also entitled to enhanced compensatory damages based upon the Defendant's willful or reckless violation of New Hampshire law pertaining to wrongful termination.

**WHEREFORE,** the Plaintiff, Ginger Simonds, respectfully prays this Honorable Court:

A.      Schedule this matter for trial by jury;

B.      Find the Defendant liable for all counts alleged herein;

C.      Award the Plaintiff all damages to which she is entitled;

D.      Award the Plaintiff her reasonable attorney's fees, interest, and costs; and

E.      Grant such other and further relief as is just and equitable.

<div style="text-align:right">

Respectfully submitted,
Ginger Simonds,
By her attorneys,
*BACKUS, MEYER & BRANCH, LLP*

</div>

Date: July 2, 2020          By:      /s/ Sean R. List
                                     Sean R. List, NH Bar #266711
                                     116 Lowell Street
                                     Manchester, NH 03104
                                     (603) 668-7272
                                     slist@backusmeyer.com

**True Copy Attest**

Amy M. Feliciano, Clerk of Court

August 7, 2020